FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2011 JUN 23 A 11: 44

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **GUIDEWIRE SOFTWARE, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ACCENTURE PLC, ACCENTURE INSURANCE SERVICES LLC and ACCENTURE LLP,**<br><br>Defendants. | Civil Action No. 1:11 cv 678<br><br>CMH / TRJ<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Guidewire Software, Inc. ("Guidewire" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Accenture plc, Accenture Insurance Services LLC and Accenture LLP (collectively "Accenture" or "Defendants") as follows:

### NATURE OF THE ACTION

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 6,073,109 (the "'109 Patent") (attached as Exhibit A) entitled "Computerized method and system for managing business processes using linked workflows," United States Patent No. 6,058,413 (the "'413 Patent") (attached as Exhibit B) entitled "Method and apparatus for utilizing a standard transaction format to provide application platform and a medium independent representation and transfer of data for the

1

management of business process and their workflows," United States Patent No. 5,630,069 (the "'069 Patent") (attached as Exhibit C) entitled "Method and apparatus for creating workflow maps of business processes" and United States Patent No. 5,734,837 (the "'837 Patent") (attached as Exhibit D) entitled "Method and apparatus for building business process applications in terms of its workflows." Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's patents. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3. This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in software-based workflow management services, systems and methods for, among other things, analyzing and/or structuring business processes, including but not limited to web-enabled computer systems for managing property and insurance claims marketed by Accenture as "Claim Components Solution" applications, systems, processes, and associated services.

## THE PARTIES

4. Plaintiff Guidewire is a corporation organized under the laws of the State of Delaware, with its headquarters at 2211 Bridgepointe Parkway, Suite 200, San Mateo, California 94404.

5. Plaintiff Guidewire is the lawful owner by assignment of the '109, '413, '069 and '837 Patents (collectively, the "patents-in-suit").

6. Guidewire is a leading global provider of technology solutions to property, casualty, and workers' compensation insurers. Among other things, Guidewire delivers package software to run core operations, including billing, underwriting, policy, and claim management.

7.   The Guidewire Insurance Suite™ consists of Guidewire ClaimCenter®, Guidewire PolicyCenter®, and Guidewire BillingCenter™, which together provide a modern, web-based platform for the property and casualty insurance industry.

8.   Accenture and Guidewire Software have been competing directly for business in the market for property and casualty insurance claims processing and administration systems and services for approximately eight years.

9.   Upon information and belief, Defendant Accenture plc is an Ireland corporation with its headquarters in Dublin.

10.  Upon information and belief, Defendant Accenture Insurance Services LLC is a limited liability corporation organized under the laws of the State of Delaware, with its headquarters in Chicago, IL, and is a subsidiary of Accenture LLP. Accenture Insurance Services LLC is registered to do business in the Commonwealth of Virginia and, upon information and belief, regularly transacts business in the Commonwealth of Virginia, including within the Eastern District of Virginia, and derives substantial revenues from its business activities within the Eastern District of Virginia.

11.  Upon information and belief, Defendant Accenture LLP is a limited liability partnership organized under the laws of the State of Illinois, with its headquarters in Chicago, IL, and is a subsidiary of Accenture plc.

12.  Defendants have at all pertinent times maintained, and continue to maintain, a substantial facility at 11951 Freedom Drive, Reston, Virginia 20190, in this judicial district and division. Upon information and belief, Defendants' facility in Reston, Virginia includes its implementation, development and support personnel, and Defendants employ thousands of persons at this facility in this judicial district and division.

13. Defendants conduct regular and substantial business activities in the United States, including within the Eastern District of Virginia, and derive substantial revenues from business activities within the United States and the Eastern District of Virginia.

14. Defendants make, use, sell, offer for sale, and/or import into the United States certain software-based workflow management services, systems and methods for analyzing and/or structuring business processes including, but not limited to, web-enabled computer systems for managing property and casualty insurance claims marketed as "Claim Components Solution" applications, systems, processes and services. Additionally, upon information and belief, Defendants provide services associated with such systems including, but not limited to, design and configuration, installation, implementation, maintenance and support and associated consulting services.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Defendants are all subject to personal jurisdiction in this judicial district and division because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division. In addition, the Defendants have committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the patents in suit in this judicial district and division.

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district and division, and have committed acts of infringement in this district and division.

18. By way of example, and without limitation, upon information and belief, at their facility in Reston, VA, Defendants conduct product development, marketing and support activities relating to the Claim Components Solution Software.

19. Further, by way of example, and without limitation, Accenture announced on December 6, 2010 that ACE Private Risk Services ("ACE") selected Accenture's Claim Components Solution software product to handle all claims submitted to ACE under its personal and specialty lines of insurance. Upon information and belief, ACE maintains its Customer Service Center at 616 Idaho Street, Salem, VA 24153 in the Commonwealth of Virginia, where it uses Accenture's Claim Components Solution system. Upon information and belief, Defendants have provided services supporting ACE's use of the infringing Accenture Claims Component Solution system.

20. By way of example, and without limitation, Accenture announced that it sold a Claim Components Solution system to Allstate Insurance Company ("Allstate"). Upon information and belief, although headquartered in Illinois, Allstate has significant operations in the Commonwealth of Virginia, including its claims handling operations located at 1819 Electric Rd. S.W., Roanoke, VA 24018 where it uses Accenture's Claim Components Solution system. Upon information and belief, Defendants have provided services supporting Allstate's use of the infringing Accenture Claims Component Solution system.

21. Upon information and belief, State Farm Insurance Company ("State Farm") maintains a Claims Office in the Commonwealth of Virginia at 1500 State Farm Blvd., Charlottesville, VA 22909, where it uses Accenture's Claim Components Solution system. Upon information and belief, Defendants have provided services supporting State Farm's use of the infringing Accenture Claims Component Solution system.

22. In addition, upon information and belief, companies with significant operations within the Eastern District of Virginia have purchased, licensed or otherwise contracted to use Accenture's technology, including its Claim Components Solution software product.

## FACTUAL BACKGROUND

### Overview of the Patents-in-Suit

23. The patents-in-suit are all generally directed to software-based systems and methods for managing workflows for business processes. The business processes can be made up of a single workflow or a number of workflows linked together. The inventions further provide graphical tools that can be used by an application developer or business process analyst to map out business processes. Another aspect of the patented inventions provides a set of tools that can be used to document and specify the attributes of a workflow definition including roles, timing of events, conditions of satisfaction and the like. The inventions enable a business process to be interpreted as a sequence of basic transactions called workflows. The systems of the patented inventions may be easily integrated with an organization's existing business systems.

24. The '109 Patent was duly and legally issued on June 6, 2000.

25. The '413 Patent was duly and legally issued on May 2, 2000.

26. The '069 Patent was duly and legally issued on May 13, 1997.

27. The '837 Patent was duly and legally issued on March 31, 1998.

28. Plaintiff Guidewire is the owner by assignment of all right, title and interest in and to the aforementioned patents and has the legal right to enforce the patents-in-suit against the Defendants in this case.

29. Defendants market, make, use, import, sell and/or offer for sale products and

services that directly infringe, contributorily infringe and/or induce others to infringe, or are used to practice processes that infringe one or more claims of the patents-in-suit. The infringing products include, by way of example and without limitation, their "Claim Components Solution" products and services.

30. Plaintiff Guidewire is being irreparably harmed by each of the Defendants' infringements of its valuable patent rights. Moreover, Defendants' unauthorized, infringing use of Plaintiff's patented systems and methods is threatening the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

31. Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property. Each of the Defendants will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use. Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I

### Infringement of United States Patent No. 6,073,109

32. Paragraphs 1 through 31 are incorporated by reference as if fully restated herein.

33. Plaintiff Guidewire is the assignee and lawful owner of all right, title and interest in and to the '109 Patent.

34. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or

processes that infringe, directly and/or indirectly, one or more of the claims of the '109 Patent.

35. Defendants have been and continue infringing one or more of the claims of the '109 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct is causing Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

36. Defendants have been inducing and/or contributing to the infringement of the '109 Patent and will continue to induce and/or contribute to the infringement of the '109 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.

37. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §284 and is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## COUNT II

### Infringement of United States Patent No. 6,058,413

38. Paragraphs 1 through 37 are incorporated by reference as if fully restated herein.

39. Plaintiff Guidewire is the assignee and lawful owner of all right, title and interest in and to the '413 Patent.

40. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '413 Patent.

41. Defendants have been and continue infringing one or more of the claims of the '413 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct is causing Plaintiff to suffer irreparable harm resulting from the

loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

42. Defendants have been inducing and/or contributing to the infringement of the '413 Patent and will continue to induce and/or contribute to the infringement of the '413 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.

43. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §284 and is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## COUNT III

### Infringement of United States Patent No. 5,630,069

44. Paragraphs 1 through 43 are incorporated by reference as if fully restated herein.

45. Plaintiff Guidewire is the assignee and lawful owner of all right, title and interest in and to the '069 Patent.

46. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '069 Patent.

47. Defendants have been and continue infringing one or more of the claims of the '069 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct is causing Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

48. Defendants have been inducing and/or contributing to the infringement of the '069 Patent and will continue to induce and/or contribute to the infringement of the '069 Patent, in

violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.

49. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §284 and is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## COUNT IV

### Infringement of United States Patent No. 5,734,837

50. Paragraphs 1 through 49 are incorporated by reference as if fully restated herein.

51. Plaintiff Guidewire is the assignee and lawful owner of all right, title and interest in and to the '837 Patent.

52. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '837 Patent.

53. Defendants have been and continue infringing one or more of the claims of the '837 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct is causing Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

54. Defendants have been inducing and/or contributing to the infringement of the '837 Patent and will continue to induce and/or contribute to the infringement of the '837 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.

55. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §284 and is entitled to injunctive relief pursuant to 35 U.S.C. §283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, granting Plaintiff the following relief:

A.    That this Court adjudge and decree that the '109 Patent is valid and enforceable against Defendants; that the '413 Patent is valid and enforceable against Defendants; that the '069 Patent is valid and enforceable against Defendants; and that the '837 Patent is valid and enforceable against Defendants;

B.    That this Court adjudge and decree that Defendants have infringed, directly and indirectly, the '109 Patent, the '413 Patent, the '069 Patent, and the '837 Patent;

C.    That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with them, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the patents-in-suit, or otherwise engaging in acts of infringement of the patents-in-suit, all as alleged herein;

D.    That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of Defendants' infringement;

E.    That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F. That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G. That this Court declare this case to be exceptional and direct Defendants to pay Plaintiff Guidewire's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

H. Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: June 23, 2011

Respectfully submitted,

_____
David M. Young (VSB#35997)
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
email: DYoung@goodwinprocter.com

Counsel for Plaintiff
Guidewire Software, Inc.

<u>Of Counsel</u>
Jennifer A. Albert
**GOODWIN PROCTER** LLP
901 New York Avenue, N.W.
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
email: jalbert@goodwinprocter.com

J. Anthony Downs
Lana S. Shiferman
**GOODWIN PROCTER** LLP
53 State Street
Boston, MA 02109
Tel.: (617) 570-1000
Fax: (617) 523-1231
email: jdowns@goodwinprocter.com
email: lshiferman@goodwinprocter.com